### MAY v. CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term. June 27, 1892.)*

1. MUNICIPAL CORPORATIONS—ESTABLISHMENT OF STREET—LIABILITY FOR INJURIES.
   A city purchased land in a subdivision, and closed up a street therein, and opened another in its place, which the public continued to use as a street for 30 years. The city deposited a large water pipe opposite plaintiff's gate opening on such street, and plaintiff's driver, in leaving the premises during the nighttime, drove against the pipe, overturning and breaking the wagon. *Held*, whether the street had or had not been established as a public highway, it was such by invited use, and that the city was liable for plaintiff's damages. 17 N. Y. Supp. 348, affirmed.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   Plaintiff's driver could not be expected to anticipate the obstruction in the street, and was not negligent in driving out of the gate in the nighttime, as usual.

Appeal from special term.

Action by Solomon May against the city of Brooklyn. From a judgment for plaintiff, defendant appeals. Affirmed.

For former report, see 17 N. Y. Supp. 348.

Argued before VAN WYCK and OSBORNE, JJ.

*Almet F. Jenks*, for appellant. *Ira Leo Bamberger*, for respondent.

VAN WYCK, J. This action was brought to recover damages for injuries claimed to have been caused solely through the negligence of defendant. By consent, the cause was tried before the court without a jury. The court gave plaintiff judgment for $338.50 damages and costs, and defendant appeals therefrom.

Dinsmore place, the *locus in quo* where the accident occurred, is in the Twenty-Sixth ward of this city, formerly the town of New Lotts. About the year 1859 the city of Brooklyn purchased a strip of land in the then town of New Lotts, situated on Atlantic avenue, Locust street, and Chestnut street, and having a depth along Chestnut street of 280 feet, and erected on a portion thereof a pumping station for its water system. A strip of land about 50 feet in width, composing the rear of this property, so owned as aforesaid by Brooklyn, was left open and unoccupied, which is known as "Dinsmore Place." In 1835 the farm, which included the property occupied by plaintiff

and that owned by the city, was mapped, and the map filed in the office of the register of the county of Kings, and on said map "Fourth street" was laid down about 50 feet from Dinsmore place. Lots were sold by this map, and reference made in the deeds to it and the streets thereon, including Fourth street. After the city bought the land, it closed Fourth street, which divided its land in two parcels, and opened Dinsmore place in lieu thereof. From that time Dinsmore place has been used as a thoroughfare, driveway, or roadway by the general public with the consent or permission of the city, by wagons, carts, carriages, and horses; and for about 12 years the premises now occupied by plaintiff, having a frontage on Dinsmore place, have had a gate opening into Dinsmore place, which has been used for the ingress and egress of teams of the occupants of such premises. This has been well known to the general public and to the city for many years. On the afternoon of December 19, 1889, and after plaintiff had driven his team upon his premises through this gate,—which was a daily occurrence,—the city, without the knowledge of plaintiff or his driver, placed partly in front of this gate a large water pipe, 4 feet in diameter and 22 feet long, in such near propinquity to and in such relative position to the gate that, when plaintiff's driver, on the following morning at 3 o'clock, before daybreak, drove through this gate into Dinsmore place, his wagon naturally struck against this pipe so placed, turning over and breaking the wagon, and causing the injuries for which damages were given by this judgment.

The chief contention of appellant's counsel in a learned brief is that Dinsmore place was neither a public highway of the town of New Lotts nor a public street of the city of Brooklyn, after annexation, and therefore no duty rested upon the city to keep the same in repair and in safe condition for those using it. We are willing to assume, for the purpose of this appeal, that he is correct in the facts and law, for, if it was not a public street, the city cannot be held liable for the omission on its part to repair or remove from the roadway an object of danger, placed there by some one other than the city. But Dinsmore place, with the consent, permission, or knowledge of the city, has been used for about 30 years by the general public as a driveway or roadway or thoroughfare for the use of all kinds of teams, and for about 12 years by the occupants of plaintiff's premises for ingress and egress through this gate opening on Dinsmore place. It seems to us that counsel does not appreciate that the decision of the trial court is not based upon the omission by the defendant of any duty resting upon it to keep its public streets in repair and safe condition, but expressly upon the commission of an act which the court has held was negligence under the circumstances. The plaintiff and the general public were impliedly invited to use Dinsmore place, and by the consent or permission of the city it was so used for 30 years, and it is manifest that the city, even if it had the power to close it up, was bound to use reasonable care in doing so to prevent injury to those who, it was well known to the city, would continue to use it as usual until they were informed it was closed, by actual notice from the city, or by the character of obstructions placed on or across it. It may be that the court would not have been justified in finding the defendant chargeable with negligence of nonfeasance in relation to Dinsmore place, but we think Dinsmore place was such a thoroughfare or highway, as between these parties, that the trial court was justified in finding that the defendant was chargeable with negligence of misfeasance in putting this large pipe in front of plaintiff's gate, under the circumstances. *Brusso v. City of Buffalo,* 90 N. Y. 681; *Schade v. City of Albany,* (Cir. Ct.) 16 N. Y. Supp. 262. We do not think plaintiff's driver was negligent in driving out of this gate as usual, in the nighttime, without anticipating that the city had placed this obstruction in his pathway.

Judgment affirmed, with costs.